UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JIM L. STRONG      CIVIL ACTION

VERSUS

TOMMY FRIERSON, ET AL.      NO. 16-0576-JWD-EWD

### RULING

*Pro se* Plaintiff, a prisoner previously confined at the Tensas Parish Detention Center, Waterproof, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Livingston Parish Public Defender Tommy Frierson and the State of Louisiana, complaining that Defendant Frierson (1) provided ineffective assistance of counsel in connection with Plaintiff's criminal prosecution and (2) attempted to induce or coerce Plaintiff into entering into a plea agreement.

Pursuant to correspondence dated October 11, 2016 (R. Doc. 2), the Court directed Plaintiff to either pay the Court's filing fee within twenty-one (21) days or, within such time, submit a properly completed Motion to Proceed *In Forma Pauperis* and Statement of Account, blank copies of which were attached to the referenced correspondence, certifying to the average six-month deposits and balances in his inmate accounts. The referenced correspondence specifically advised Plaintiff that "failure to amend the pleadings or provide the requested information or forms as indicated will result in the dismissal of your suit by the Court without further notice." *Id.*

A review of the record by the Court reflects that Plaintiff has failed to comply with the Court's directive and either pay the Court's filing fee or submit a properly completed Motion to Proceed *In Forma Pauperis* and Statement of Account. Instead, the referenced correspondence, which was forwarded to Plaintiff at his record address, has been returned to the Court as undeliverable, marked "Return To Sender," apparently because Plaintiff is no longer confined at the Tensas Parish facility.

*See* R. Docs. 3 and 4.   It thus appears that Plaintiff may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days.   As a practical matter, this case cannot proceed without the payment of the Court's filing fee and without an address where Plaintiff may be reached and where he may receive pleadings, notices or rulings.   Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of Plaintiff to comply with the Court's directives and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address.   Therefore,

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED,** without prejudice, for failure of Plaintiff to comply with the Court's directives and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address.   Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this ___2___ day of March, 2017.

JOHN W. deGRAVELLES
UNITED STATES DISTRICT JUDGE